UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DEVANJI L. POWELL,                 :
     Plaintiff,                :
                                  :
                                  :          C.A. No. 24-73MSM
v.                              :
                                  :
C/O BERMUDEZ,               :
     Defendant.              :
_____:

**REPORT AND RECOMMENDATION
RECOMMENDING DISMISSAL WITHOUT PREJUDICE**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Defendant Correctional Officer Bermudez for Fed. R. Civ. P. 37(b) sanctions based on the failure of *pro se*[1] Plaintiff Devanji L. Powell to comply with a March 30, 2026, Court Order requiring him to respond to long pending discovery. ECF No. 21. Plaintiff has filed nothing in opposition to the motion. It has been referred to me pursuant to 28 U.S.C. § 636(b)(1).[2]

Plaintiff filed this case more than two years ago, on February 21, 2024, while he was an inmate in the custody of the Rhode Island Department of Corrections ("RIDOC"). ECF No. 1 at 2. His surviving claim pursuant to 42 U.S.C. § 1983 alleges that Correctional Officer Bermudez is liable in his individual capacity because he used excessive force by "hipchecking" Plaintiff maliciously and not in a good faith effort to maintain or restore discipline. Text Order of Jan. 23, 2025. As far as the docket reveals, Plaintiff's last filing in the case was a motion to extend filed

---

[1] In considering Plaintiff's arguments, the Court has afforded Plaintiff the leniency due to any *pro se* litigant. See De Barros v. From You Flowers, LLC, 566 F. Supp. 3d 149, 152 (D.R.I. 2021).

[2] Because I am recommending dismissal, albeit without prejudice, I am addressing the motion by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

on January 12, 2025.  ECF No. 12.  Based on this filing, the Court vacated a Text Order dismissing the case without prejudice not only because Plaintiff had not objected to the motion to dismiss, but also because he was "released from custody, mail to him by the Court has been returned, and he did not comply with the requirement that, as a pro[] se litigant, he keep the Court informed of any change of address."  Text Order of Dec. 23, 2024; see also Text Order of Jan. 23, 2025.  When the Court subsequently noticed this case for a settlement conference, the conference was canceled because Plaintiff had been released from custody.  RIDOC supplied the Court with its last-known address for Plaintiff, which was placed on the docket and has been used by the Court.  See ECF No. 19.  Nevertheless, since January 2025, Plaintiff has filed nothing and seemingly has done nothing to prosecute the case.  As relevant now, his inactivity includes his complete failure to respond to Defendant's discovery, originally propounded on November 26, 2025.  ECF No. 21 at 1-2.  Based on this failure to respond, the Court issued the Text Order of March 30, 2026, compelling Plaintiff to respond by April 17, 2026, and warning him that the failure to respond could result in the dismissal of the case pursuant to Fed. R. Civ. P. 37(b).  This Order has also been ignored.  Further, Defendant's motion for sanctions has been pending since May 13, 2026, yet Plaintiff has not filed an objection.  Meanwhile, the fact discovery deadline (February 23, 2026) has long since passed, as have the other pretrial deadlines, except for the deadline for dispositive motions.  Text Order of Mar. 2, 2026.  The case is now in limbo.

As Plaintiff has been warned, Fed. R. Civ. P. 37(b)(2)(A)(v) provides that, "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," which may include dismissing the action.  See Vallejo v. Santini-Padilla, 607 F.3d 1, 7 (1st Cir. 2010).  The Court has substantial discretion to determine whether

2

and what sanction is appropriate depending on the circumstances of the case. Silva v. Faria, Civil Action No. 22-10172-FDS, 2024 WL 3011221, at *2 (D. Mass. June 14, 2024), appeal dismissed, No. 24-1610, 2024 WL 5346587 (1st Cir. Oct. 16, 2024). In making its determination, the Court should consider such factors as the severity and deliberateness of the conduct, the prejudice to the other side and to the operations of the Court and the adequacy of lesser sanctions. Vallejo, 607 F.3d at 8. Further, the Court should examine "whether the offending party was given sufficient notice and opportunity to explain its noncompliance or argue for a lesser penalty." Id. (internal quotation marks omitted).

Defendant's motion for sanctions asks the Court to dismiss the action in whole. ECF No. 21 at 2. In support, Defendant appropriately relies on Plaintiff's apparent abandonment of the litigation since January 2025, his disregard of the Court's March 2026 Order to comply with discovery and the passage of the fact/expert pretrial deadlines, leaving the case now stuck. Further, while this is not a circumstance where Plaintiff has been participating in the case yet willfully and obdurately refused to comply with his discovery obligations, as, for example, in Rose v. Davis, C.A. No. 23-cv-13-MRD-PAS, 2025 WL 1444736, at *2-3 (D.R.I. May 20, 2025), Plaintiff has twice been alerted to the risk of dismissal due to his failure to participate or respond, including that the case has already been dismissed once (without prejudice) and Plaintiff was specifically cautioned of the risk of dismissal in the Court's Order granting Defendant's motion to compel. And Plaintiff has been afforded the opportunity to respond to the motion for sanctions but has not done so.

At bottom, this appears to be a case in which Plaintiff has lost interest based on which he has long been failing to prosecute and now is failing to respond to the Court's Order. His disengagement from the case has and will continue to result in increasingly prejudicial delay,

3

adversely impacting both Defendant and the Court.  While this is not a circumstance that calls for a punitive approach, the Court cannot simply allow the case to continue to drift.  Nor is this a circumstance where lesser sanctions (such as an award of fees or a preclusion order) would lead to the revival of the case or the reengagement of Plaintiff.  In considering the Vallejo factors, my recommendation is that, guided by Fed. R. Civ. P. 41(b), the Court should dismiss the case based not only on Plaintiff's failure to comply with the Court's Order mandating discovery responses, but also on Plaintiff's complete failure to prosecute since January 2025.  Considering the absence of evidence of intentional misconduct, I urge that the dismissal should be without prejudice to Plaintiff refiling his claim, as has already happened once.[3]

Based on the foregoing, I recommend that the Court grant Defendant's motion for sanctions (ECF No. 21) and order that Plaintiff's claims be dismissed without prejudice.  Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 3, 2026

---

[3] If my recommendation is adopted by the Court, such a dismissal without prejudice will end the tolling of the applicable statute of limitations.  Therefore, if Plaintiff wishes to revive this claim by refiling it in the future, he must be mindful of the need to proceed promptly to avoid a statute-of-limitations bar.